UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIEL VERDIER,

                Plaintiff,

-against-

THALLE CONSTRUCTION COMPANY, INC.,

                Defendant.

14-CV-04436 (NSR)(LMS)

**ORDER REVIEWING REPORT AND RECOMMENDATION**

---

NELSON S. ROMÁN, United States District Judge:

This case was referred to Magistrate Judge Lisa M. Smith ("MJ Smith") for a Report and Recommendation ("R&R") on the award of attorneys' fees and costs. In the R&R, dated August 3, 2017, MJ Smith recommends that Plaintiff be awarded attorneys' fees in the amount of $23,189.77 and costs in the amount of $868.89, for a total amount of $24,057.69. (R. & R. (ECF No. 60) 16.) Plaintiff objects to the R&R on multiple bases, including that MJ Smith erroneously applied an across the board discount for legal services rendered. (Pl.'s Obj. to R. & R. (ECF No. 61) ¶ 4.) The Court adopts the findings and conclusions of the R&R which Plaintiff has not objected to on the basis that no clear error has been shown. As to those portions of the R&R which Plaintiff does object to, the Court conducts a *de novo* review of MJ Smith's findings and conclusions. Based upon the foregoing, the Court awards Plaintiff legal fees in the amount of $24,890.55 and costs in the amount of $868.89.

BACKGROUND

Plaintiff Daniel Verdier ("Plaintiff") commenced the instant action against his former employer, Defendant Thalle Construction Company, Inc. ("Defendant"), pursuant to the Employee Retirement Income Security Act ("ERISA") Section 1132, 29 U.S.C. § 1132, seeking to recover

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/28/2018

benefits due to him under a Deferred Compensation Plan ("the Agreement"). (Am. Compl. (ECF No. 17) Ex. A.) During the pendency of the litigation, Defendant conceded liability.[1] However, the parties could not agree on the amount due to Plaintiff under the Agreement. Plaintiff alleged he was owed $289,900.00. Defendant alleged Plaintiff was owed $123,202.00. Thus, the only issue to be determined was the amount of damages, inclusive of legal fees and costs, if any, that should be awarded to Plaintiff.

Following motion practice, by Opinion and Order dated January 5, 2017, this Court determined that Plaintiff was entitled to summary judgment in the amount of $123,202.00, which was the amount Defendant claimed was owed and far less than the $289,900.00 Plaintiff sought. (Mem. & Op. (ECF No. 44) 17.) This Court also determined, upon weighing all relevant factors, that Plaintiff was entitled to attorneys' fees.[2] By Order of Reference dated January 18, 2017, this matter was referred to MJ Smith for a determination of reasonable attorneys' fees and costs. (Order Referring Case to Magistrate Judge (ECF No. 46) 1.) On August 3, 2017, MJ Smith issued the R&R granting Plaintiff legal fees in the amount of $23,189.77, plus costs in the amount of $868.89.

STANDARD OF REVIEW

In reviewing the R&R of a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider

---

[1] Defendant's concession of liability was not treated as an offer of judgement under Fed. R. Civ. P. 68. *See Cabala v. Crowley*, 736 F.3d 226, 228–30 (2d Cir. 2013).

[2] This Court noted that "Section 502(g) of ERISA provides that 'the court in its discretion may allow a reasonable attorney's fee and costs ... to either party.' To qualify for an award of attorneys' fees, a party must have achieved 'some degree of success on the merits.'" (Mem. & Op. (ECF No. 44) 13 (*citing* 29 U.S.C. § 1132(g)(1); *Donachie v. Liberty Life Assurance Co. of Boston*, 745 F.3d 41, 46 (2d Cir. 2014) (*quoting Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 254–55 (2010)).) Following the application of the "*Chambless* factors," *see Donachie*, 745 F.3d at 46, the Court determined Plaintiff was entitled to legal fees and costs. (Mem. & Op. 13–14.)

the "[r]eport, the record, [and] applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks and citations omitted). Objections must be "specific and clearly aimed at particular findings" in the R&R. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

To accept those portions of the R&R to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g., Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The "clearly erroneous" standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g., Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the R&R advised the parties that they had 14 days from service of the R&R to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. In addition, it expressly called the parties' attention to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1). In accordance with the statutes cited, Plaintiff filed a timely objection to the R&R, dated August 17, 2017.[3] Thus, the Court reviews the R&R to determine whether there is "clear error on the face of the record" as to those portions not objected to, and conducts a *de novo* review only as to those issues Plaintiff raised a "clear and specific" objection to.

DISCUSSION

A review of the R&R reveals that MJ Smith determined Plaintiff's current counsel, Corbally, Gartland and Rappleyea, LLP ("CG&R"), billed (1) $13,530.00 for legal services performed from the filing of Plaintiff's complaint through August 2015, when Defendant conceded

---

[3] Defendant did not file an objection to the R&R.

liability, (2) $2,000.00 for legal services provided in preparation of the instant fee application, and (3) $15,389 for legal fees accumulated "litigating the amount owed under the agreement." (R. & R. 9.) Thus, MJ Smith determined that Plaintiff established entitlement to $30,919.69 (excluding interest) in legal fees for services provide by CG&R.

The $30,919.69 amount was based upon a $300.00 hourly rate as charged by Allan Rappleyea, Esq. ("Rappleyea") and Vincent DiBiase, Esq. ("DiBiase"), partners at CG&R. (*Id.* 6.) Plaintiff's objection suggests that MJ Smith reduced counsels' fees from a $425.00 hourly rate to a $300.00 hour rate. Such suggestion is misleading and lacks merit. MJ Smith merely noted that in a case of similar import, the court deemed a $425.00 hourly rate reasonable for partners that had litigated an ERISA case wherein their client prevailed. (*Id.*) *See N.Y. Dist. Council of Carpenters Pension Fund v. Perimeter Interiors, Inc.*, 657 F. Supp. 2d 410, 424 (S.D.N.Y. 2009). MJ Smith similarly found that the rate at issue in this case was reasonable. (R. & R. 6.) Likewise, this Court determines *de novo* that the $300.00 hourly rate for services provided by CG&R partners Rappleyea and DiBiase is reasonable.

MJ Smith determined that a 25% across the board reduction in legal fees was warranted on the basis that Plaintiff recovered far less the $289,900.00 amount he originally sought in his pleadings and throughout the litigation. (*Id.* 9.) Plaintiff objects to this reduction, arguing that it is not equitable. Under ERISA, an attorneys' fees claimant must show some degree of success on the merits before a court may award attorneys' fees under the statute's general fee-shifting standard. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). In determining the amount ultimately to be awarded, a court ordinarily considers the following five factors: "(1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5)

whether the action conferred a common benefit on a group of pension plan participants." *Sheehan v. Metro. Life Ins. Co.*, 450 F. Supp. 2d 321, 325 (S.D.N.Y. 2006) (*citing Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987)).

While it is clear that Plaintiff achieved some measure of success, he did not demonstrate entitlement to recovery of the full amount he originally claimed he was due. When a plaintiff achieves "only partial or limited success," full compensation for attorneys' fees may not be reasonable. *Sheehan*, 450 F. Supp. 2d. at 329 (*citing Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). Under such circumstances, courts are permitted to "reduce the award to account for the limited success." *Id.* (internal citations omitted); *see also U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 414 (2d Cir. 1989) (internal citations omitted). The Court determines that Plaintiff has demonstrated entitlement to attorneys' fees in the amount of $30,919.69. However, based upon Plaintiff's limited success, the Court applies a 20% reduction, resulting in an award of $24,735.75 in legal fees.

Plaintiff seeks to recover an additional $1,223.00 in legal fees incurred in the 1990's for services provided by two other law firms.[4] MJ Smith determined Plaintiff was not entitled to the recovery of the $1,223.00 on the basis that Plaintiff lacked support for the granting of said relief. (R. & R. 10–11.) Plaintiff objects to MJ Smith's analysis and recommendation.

A review of the record reveals that other than Plaintiff's assertion that the two firms sought to "enforce his rights," there is no delineation of the actual legal services provided or the nature of the services provided. One invoice, however, indicates that Plaintiff was billed $193.50 for

---

[4] Plaintiff provides an invoice, dated December 13, 1995, from the firm of Hoffman, Wachtell, Koster, Maier & Mandel, indicating payment of $279.50 for a previous balance due, plus $193.50 for a telephone conference call. (Aff. In Supp. of Mot. (ECF No. 53) Ex. 3.) Other than the reference to a telephone conference, the invoice does not specify what services were provided. Likewise, Plaintiff provides an invoice from Danziger & Markhoff, dated November 12, 1993, which reflects payment of a $750.00 retainer for "legal services rendered in connection with Thalle Construction Company non-qualified deferred compensation agreement." (*Id.*) No other information is provided.

services rendered by an attorney during a telephone conference requesting the "present value of the deferred compensation plan." (Aff. in Supp. of Mot. (ECF No. 53) Ex. 3.) While it is true that "ERISA's attorney's fee provisions must be liberally construed to protect the statutory purpose of vindicating" employee benefits rights, *see Chambless*, 815 F.2d at 872, the party seeking attorneys' fees must nevertheless demonstrate the reasonableness and necessity of hours spent, and that the fees sought to be recovered were directly related to Plaintiff's efforts to recover benefits due to him. Plaintiff's mere conclusory statements lack specificity with regard to what tasks, if any, were performed, the dates the services were performed, and the amount of time allotted to the task(s), and are thus insufficient. *See Bricklayers Ins. & Welfare Fund v. Precise Brick, Inc.*, 2009 WL 4891821, at *8 (E.D.N.Y. Dec. 17, 2009) (*citing New York State Assoc. for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). Accordingly, upon *de novo* review, the Court determines Plaintiff has not demonstrated entitlement to recovery for the fees he alleges he incurred in the 1990's, with the exception of $193.50. Applying a 20% reduction based on Plaintiff's limited success, the Court finds that Plaintiff has demonstrated entitlement to an additional $154.80 in legal fees.

Lastly, the Court awards Plaintiff interest on the recovered legal fees and costs as of the date summary judgement was granted. Generally, the granting of prejudgment interest on attorneys' fees is not the norm. *Klepeis v. J & R Equip., Inc.*, 2012 WL 2849390, at *5 (S.D.N.Y. May 31, 2012), *report and recommendation adopted*, 2012 WL 2849750 (S.D.N.Y. July 11, 2012) (*citing Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Kun Fung USA Trading Co*, 2012 WL 1414872, at *10 (E.D.N.Y. Jan. 20, 2012) (citation omitted)). The awarding of prejudgment interest on attorneys' fees may be permissible where the claimant demonstrates the legal invoices were not only issued but actually paid. *See Klepeis v. J & R Equip., Inc.*, 2012 WL 2849390, at *5 (S.D.N.Y. May 31, 2012), *report and recommendation adopted*, 2012 WL 2849750 (S.D.N.Y.

July 11, 2012) (no prejudgment interest awarded because defendant "[was] not accountable to Plaintiff's counsel for Plaintiff's failure to remit timely legal payments"); *United States ex rel. ATC Distrib. Grp., Inc. v. Ready-Built Transmissions, Inc.*, 2007 WL 2522638, at *7 (S.D.N.Y. Sept. 7, 2007) (where plaintiff paid legal invoices throughout course of litigation, plaintiff was entitled to recover prejudgment interest on those payments); *Harris Trust Sav. Bank v. John Hancock Mut. Life Ins. Co.*, 137 F. Supp. 2d 351, 361 (S.D.N.Y. 2001) (awarding prejudgment interest on attorneys' fees already paid in an ERISA suit "running from [the date] the invoice was issued and paid"). Lacking from Plaintiff's submission, in support of his request for legal fees and prejudgment interest, is any evidence, such as an affidavit from Plaintiff or from counsel, demonstrating actual payment. Thus, Plaintiff has failed to demonstrate entitlement to prejudgment interest.

## CONCLUSION

For the foregoing reasons, the Court awards Plaintiff reasonable legal fees in the amount of $24,890.55 ($24,735.75 plus $154.80), and $868.89 in costs, with interest as of January 5, 2017 (the date summary judgement was granted). The Clerk of the Court is respectfully requested to terminate the motions at ECF No. 52 and 61, and to terminate the case.

Dated: February 28, 2018
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge